UNITED STATES DISTRICT COURT

THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOBBY KING ON BEHALF**<br>**OF HIS MINOR SON BRAYLIN KING** | **CIVIL ACTION** |
| **Vs.** | **NO.** |
| **TRAVIS CLAY DEPEW,**<br>**FRED ALLEN IN HIS CAPACITY AS**<br>**CHIEF OF POLICE FOR THE JACKSON**<br>**POLICE DEPARTMENT, JACKSON POLICE**<br>**DEPARTMENT, AND THE TOWN OF JACKSON** | |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, Bobby King, a person of full age and of majority, who both resides and is domiciled in the Middle District of Louisiana, on behalf of his minor son Braylin King (hereinafter "Mr. King"), representing the following to this Honorable Court:

1.

Made Defendants herein are the following:

a) Travis Depew, was at all relevant times to this complaint a police officer in the Jackson Police Department, is a person of full age and of majority, domiciled in East Feliciana Parish. He is sued in his individual capacity;

b) Fred Allen in his official capacity as Chief of Police of the Jackson Police Department, is and was at all relevant times the Chief of Police of the Jackson

           Police Department ("JPD"), a person of full age and majority domiciled in East Feliciana Parish. He is sued in his official capacity;

c) Town of Jackson, Defendant Town of Jackson, Louisiana is a municipality in East Feliciana Parish, and has been duly incorporated. Defendant Town of Jackson is a municipality for purposes of 42 U.S.C. § 1983;

d) On information and belief, Defendant Jackson Police Department is the primary law enforcement agency for Jackson, Louisiana and is an agency of the town government. The Jackson Police Department is also responsible for preventive, investigative and enforcement services, as well as for ensuring the safety of all citizens of Jackson, Louisiana.

## JURISDICTION AND VENUE

2.

The United States District Court has jurisdiction over the subject matter of this complaint under 42 U.S.C. 1983 and 28 U.S.C. 1331, 1343(a)(3), and 1367(a).

3.

The Middle District of Louisiana is the appropriate venue to bring this complaint, because the facts that give rise to Plaintiff's claims all took place within the Middle District of Louisiana.

## FACTUAL ALLEGATIONS SURROUNDING FEBRUARY 21, 2021

4.

Shortly after midnight, on or about February 21, 2021, Mr. King pulled into the parking lot at the Main Street Market to get food.

5.

Mr. King was accompanied by several friends who were also juveniles at the time of the incident.

6.

Mr. King was immediately and aggressively approached by Jackson Police Department Officer Travis Depew.

7.

Officer Depew told Mr. King and the occupants of his vehicle to leave, even though they had done nothing to justify the request.

8.

Mr. King tried to explain to Officer Depew that they were just trying to get something to eat before heading home.

9.

Officer Depew proceeded to call Mr. King a "nigger" several times and attempted to remove Mr. King from his vehicle by his neck.

10.

Officer Depew eventually stopped choking Mr. King, when another officer intervened.

11.

Mr. King committed no crime, nor was he arrested or cited for any criminal misconduct because of this incident.

12.

On May 5, 2021, Officer Depew was arrested for simple battery and malfeasance in office for his conduct on February 21, 2021.

## FACTUAL ALLEGATIONS SURROUNDING EMPLOYMENT, TRAINING, SUPERVISION, AND DISCIPLINE OF DEFENDANT TRAVIS DEPEW

13.

The Town of Jackson utilizes and employs its own police department known as the Jackson Police Department. The Chief of Police at all relevant times before, during, and after this incident was Fred Allen, making him the responsible decisionmaker and policymaker for the Jackson Police Department.

14.

The use of force and racial slurs, misrepresentations, and illegal conduct sued upon herein occurred in the Town of Jackson, and in the exclusive territorial jurisdiction of the Jackson Police Department.

15.

In Chief Allen's official capacity, he was and is responsible for adopting, implementing, promulgating, and enforcing policies, customs, and practices pertaining to making arrests and preserving peace in the Town of Jackson.

16.

Additionally, Chief Allen is responsible for the screening, hiring, disciplining, training, supervising, and the retraining of Jackson Police Officers to ensure each officer was and is

qualified and properly trained to perform the duties and functions of a peace officer including making arrests, preserving the peace, and the constitutional use of force.

17.

Based on the extreme misconduct of Defendant Depew and upon information and belief, Defendants Allen, Jackson Police Department, and the Town of Jackson did not properly examine and scrutinize the background of the Defendant Depew.

18.

Based on the extreme misconduct of Defendant Depew and upon information and belief, Defendants Allen, Jackson Police Department, and the Town of Jackson did not properly train, supervise, and/or discipline Defendant Depew with regard to proper police practices.

19.

Upon information and belief, in willful, reckless, and callous disregard to Mr. King's life and rights under federal and state law, Defendants Allen, Jackson Police Department, and the Town of Jackson did not have a use of force policy in place for the Jackson Police Department.

20.

Defendants Allen, Jackson Police Department, and Town of Jackson are liable of the following wrongful acts, including but not limited to:

1. Failing to properly hire, supervise, and train Jackson Police Department Officers;

2. Failing to reprimand and discipline Jackson Police Department Officers who engage in misconduct;

3. Failing to retrain and/or otherwise control JPD Officers who engage in excessive force;

4. Failing to follow appropriate policies and procedures to address and correct repeated use of excessive force;

5. Failing and inadequately investigating complaints and allegations of excessive force and other misconduct by JPD Officers;

6. Failing and inadequately investigating complaints and allegations of excessive force and other misconduct by its officers;

7. Failing to retrain and otherwise control JPD Officers who engage in excessive force and unjustified use of force;

8. Tacitly approving of JPD Officers using their power and position to interfere with other citizens' rights;

9. As a matter of both policy and practice the Town of Jackson and the JPD facilitating this type of misconduct by failing to protect civilians from reckless indifference of Defendant's Town agents, servants, and employees in its Police Department; and

10. Allowing the practice and custom of a "police code of silence," resulting in JPD Officers refusing to report instances of police misconduct of which they are aware.

21.

Information in the public domain suggests that Defendant Depew has a pattern and practice of misusing state power and of violating citizens' rights, particularly those of African-American citizens.

22.

Publicly available reports indicate that Defendant Depew has a history of unlawful conduct that both preceded and accompanied his time as a law enforcement officer with the Jackson Police Department.

23.

The past incidents involving Defendant Depew include, but are potentially not limited to, the following:

24.

In or around 2017, according to published reports, Defendant Depew, while employed by a different police department—this time, the Pointe Coupee Parish Sheriff's Office—was terminated after being arrested for stalking and malfeasance in office on August 11, 2017.

25.

Those arrest records were eventually expunged, although it is not known how or why Defendant Depew was able to expunge these records. In any event, the expungement occurred well after he was hired by the Jackson Police Department—the law enforcement agency at issue in this case—and after Defendant Depew's unlawful use of force on Braylin King.

26.

Because these documented instances of misconduct were readily available in the public domain, they required investigation by the Town of Jackson and the Jackson Police Department. On information and belief, this investigation never occurred, resulting in the negligent hiring of Defendant Depew.

27.

The Town of Jackson, the Department and Police Chief Allen knew or should have known about Defendant Depew's pattern of behavior unbecoming of a police officer, on information and belief, deliberately turned a blind eye to them and potentially other officers with a similarly troubling history of misconduct.

28.

In doing so, the Town of Jackson, the Department and Allen ratified a de facto policy or

custom condoning at a minimum, the unlawful conduct of Defendant Depew and, as a maximum, the unlawful conduct of multiple officers. The Town of Jackson, the Department, and Allen are therefore liable for Defendant Depew's assault of Mr. King.

29.

On August 6, 2020, Defendant Depew, while employed by the Department, assaulted Craig White—a Black man who was being nothing but compliant during a traffic stop. After stepping out of the vehicle at Defendant Depew's request, Defendant Depew tackled Mr. White hard into the ground without warning, slamming Mr. White's head and shoulder into the asphalt, causing his head to bleed. Mr. White lost consciousness and woke up in the back of an ambulance at the scene of the incident. Although Defendant Depew was equipped with a body-worn camera, contrary to department policy, he chose not to turn it on during this encounter, as in the case of Mr. King.

30.

Approximately two months later, on or around October 12, 2020, Defendant Depew, while employed by the Jackson Police Department, reportedly beat a Black man in the face with a flashlight, causing blowout facial fractures— specifically, a right depressed orbital floor fracture and right zygomaticomaxillary. News reports indicate that this man was named Tyquan Vessell.

31.

Less than one month later, on November 4, 2020, Defendant Depew arrested a White woman, Chasity Harveston, whom he claimed was driving erratically. Defendant Depew asked her to exit her vehicle, and then he tackled her violently to the ground, causing injuries.

**CAUSES OF ACTION**

Count I

**Plaintiff v. Defendant Depew and Defendant Allen Federal Civil Rights Claims**

32.

The actions of Defendant Depew and Defendant Allen, violated Mr. King's rights under the Fourth and Fourteenth Amendments to be free from the unlawful use of force.

Count II

**Plaintiff v. Defendant Allen and Defendant JPD Federal Constitutional Claims**

33.

The actions or inactions of Defendant Allen and Defendant JPD violated Mr. King's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, directly or proximately causing his injuries suffered due to Defendant Allen and Defendant JPD failure to train, supervise, and discipline Defendant Depew.

34.

The actions or inactions of Defendant Allen and Defendant JPD violated Mr. King's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution directly or proximately, causing Mr. King's injuries by creations of or failure to correct unconstitutional policies, practices, patterns, and/or customs.

## Count III

### Plaintiff v. Defendant Town of Jackson Federal Constitutional Claims

35.

The violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, Plaintiff's damages, and/or the conduct of the individual Defendants were directly and proximately caused by the actions and/or inactions of the Defendant the Town of Jackson, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

a. Use of force by police officers;

b. Police officers' duties and responsibilities to engage in proper investigative techniques;

c. The proper exercise of police powers, including not limited to the making of an arrest and the use of force;

d. The monitoring of deputies whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

e. The failure to identify and take remedial or disciplinary action against deputies who were the subject of prior civilian or internal complaints of misconduct;

f. Failing to retrain and/or otherwise control deputies who engage in excessive force and/or unjustified force against civilians;

g. Failing to follow appropriate policies and procedures to address and correct repeated use of excessive force;

h. Failing to investigate, or inadequately investigating complaints and allegations of excessive force and other misconduct by members its officers;

i. The hiring and retention of deputies who are unqualified for their employment positions;

j. JPD officers use of their status as police officers to employ the use of force or to

    achieve ends not reasonably related to their law enforcement duties;

k. The failure of JPD officers to follow established policies, procedures, directive, and instructions regarding arrests, use of force, and institution of criminal charges under such circumstances as presented by this case;

l. The failure to properly sanction or discipline deputies who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other JPD;

m.   As a matter of both policy and practice the Town of Jackson and the JPD facilitating this type of misconduct by failing to protect civilians from reckless indifference of Defendant's Town agents, servants, and employees in its Sheriff Department

36.

The actions or inactions of Defendant Allen and Defendant JPD violated Mr. King's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution directly or proximately, causing Mr. King's injuries by creations of or failure to correct unconstitutional policies, practices, patterns, and/or customs.

Count IV

**Plaintiff v. Defendants Depew, Allen, JPD, and the Town of**

**Jackson State Law Claims**

37.

The Plaintiffs allege that the Defendants are responsible and liable under Louisiana Code of Civil Procedure Articles 2315 and 2317, which requires that every act whatever man that causes damage obligates him by whose fault it is to repair it; and individuals are responsible not only for damage occasioned by their own acts, but also for damage caused by acts of persons for whom the individual is answerable, or of the thing which the individual has in his custody.

38.

The actions and/or inactions of Defendant Depew, under the law of the State of Louisiana, constitute the torts of:

a. Battery;

b. Assault;

c. Intentional Infliction of Emotional Distress

d. Abuse of Process

39.

The actions and/or inactions of Defendants Allen, JPD, and the Town of Jackson, under the law of the State of Louisiana, constitute the torts of:

a. Negligent Infliction of Emotional Distress;

b. Negligent Hiring;

c. Negligent Retention;

d. Negligent Supervision;

e. Abuse of Process.

## JURY TRIAL DEMAND

40.

The Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

41.

The Plaintiff respectfully requests:

a. Compensatory damages as to all Defendants;

b. Special Damages as to all Defendants;

c. Punitive damages as to all Defendants;

d. Reasonable attorneys' fees and costs as to all Defendants;

e. Such other and further relief as may appear just and appropriate.

**WHEREFORE**, Bobby King on behalf of his minor son Braylin King, prays that a copy of the above petition is served upon all of the Defendants named herein, and that after all proceedings a judgment is rendered in favor of Plaintiffs and against Defendants for all relief deemed equitable under the law including attorney's fees and costs.

RESPECTFULLY SUBMITTED:
*/s/ Ashley N. Greenhouse*
Ashley N. Greenhouse (#32166)
Haley & Associates
8211 Goodwood Blvd. Suite E
Baton Rouge, LA 70806
(225) 663-8869 Office
(888) 900-9771 Facsimile